FILED

FEB 13 2008

At_____
STEPHEN R. LUD_____
U.S. DISTRICT C____
NORTHERN DISTRICT OF INDIANA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) ) | CIVIL ACTION NO. **2:08CV 50 RM** |
| v. | ) ) | |
| SCHEFFER, INC., | ) ) ) | COMPLAINT |
| Defendant. | ) ) ) | JURY TRIAL DEMAND |

## NATURE OF THE ACTION

This is an action under the Age Discrimination in Employment Act to correct unlawful employment practices on the basis of age and to provide appropriate relief to James L. Gierzynski. As alleged with greater particularity in paragraphs 7-11 below, the Commission alleges that the Defendant caused to be printed or published a notice or advertisement for a "young engineer," refused to hire Mr. Gierzynski because of his age (over 40), and failed to keep records pertaining to the hiring process.

## JURISDICTION AND VENUE

1.    Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 7(b) of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 626(b) (the "ADEA"), which incorporates by reference Sections 16(c) and 17 of the Fair Labor Standards Act of 1938 as amended, 29 U.S.C. §§ 216(c) and 217.

2.      The employment practices alleged to be unlawful were committed within the jurisdiction of the United States Court for the Northern District of Indiana, Hammond Division.

PARTIES

3.      Plaintiff, the Equal Employment Opportunity Commission ("Commission"), is the agency of the United States of America charged with the administration, interpretation, and enforcement of the ADEA, and is expressly authorized to bring this action by Section 7(b) of the ADEA, 29 U.S.C. § 626(b), as amended by Section 2 of Reorganization Plan No. 1 of 1978, 92 Stat. 3781, and by Public Law 98-532 (1984), 98 Stat. 2705.

4.      At all relevant times, Defendant Scheffer, Inc. (the "Employer") has continuously been an Indiana corporation, doing business in the State of Indiana and the City of Merrillville, and has continuously had at least 20 employees.

5.      At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 11(b), (g), and (h) of the ADEA, 29 U.S.C. §§ 630(b), (g), and (h).

CONCILIATION

6.      Prior to institution of this lawsuit, the Commission's representatives attempted to eliminate the unlawful employment practices alleged below and to effect voluntary compliance with the ADEA through informal methods of conciliation, conference, and persuasion within the meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(b).

<u>STATEMENT OF CLAIMS</u>

7.      In or about September 2007, Defendant Employer engaged in unlawful employment practices at its Merrillville, Indiana, facility in violation of Section 4(a) of the ADEA, 29 U.S.C. § 623(a). Defendant Employer failed or refused to hire James L. Gierzynski because of his age. In September 2007, Mr. Gierzynski was 62 years old.

8.      The effect of the practices complained of in paragraph 7 above has been to deprive James L. Gierzynski of equal employment opportunities and otherwise adversely affect his status as an applicant for employment, because of his age.

9.      The unlawful employment practices complained of in paragraph 7 above were willful within the meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(b).

10.     In or about August 2007, Defendant Employer caused to be printed or published a notice or advertisement relating to employment by Defendant Employer indicating a preference, specification, or limitation based on age in violation of Section 4(e) of the ADEA, 29 U.S.C. § 623(e). Defendant Employer caused to be printed a notice or advertisement stating that the position was "a great opportunity for a young engineer."

11.     In or about August or September 2007, Defendant Employer violated Section 7(a) of the ADEA, 29 U.S.C. § 626(a), and 29 C.F.R. §1627.3, by failing to make and preserve records required by the Commission necessary to the Commission's administration of the ADEA. Defendant Employer failed to keep records pertaining to the failure or refusal to hire James L. Gierzynski and other individual candidates for the position of electrical engineer or electrical services technician, such as records pertaining to candidates called or interviewed.

3

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.     Grant a permanent injunction enjoining Defendant Employer, its officers, successors, assigns, and all persons in active concert or participation with it, from failing or refusing to hire individuals because of their age; from failing to keep employment records required by statute and regulation; from causing to be printed or published notices or advertisements that indicate a preference, specification, or limitation based on age; and from any other employment practice which discriminates on the basis of age.

B.     Order Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities for individuals 40 years of age and older, and which eradicate the effects of its past and present unlawful employment practices.

C.     Grant a judgment requiring Defendant Employer to pay appropriate back wages in an amount to be determined at trial, and an equal sum as liquidated damages, or prejudgment interest in lieu thereof, to individuals whose wages are being unlawfully withheld as a result of the acts complained of above, including but not limited to James L. Gierzynski.

D.     Order Defendant Employer to make whole all individuals adversely affected by the unlawful employment practices described above, by providing the affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to the rightful-place hiring of James L. Gierzynski.

E.     Grant a permanent injunction enjoining Defendant Employer from printing or causing to be printed or published notices or advertisements relating to

4

employment by Defendant Employer that indicate a preference, specification, or limitation based on age.

F.   Order Defendant Employer to make and preserve records required by the Commission pursuant to Section 7(a) of the ADEA, 29 U.S.C. § 626(a), and 29 C.F.R. §1627.3.

G.   Grant such further relief as the Court deems necessary and proper in the public interest.

H.   Award the Commission its costs of this action.

<u>JURY TRIAL DEMAND</u>

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully Submitted,

LAURIE A. YOUNG, #11480-49
Regional Attorney

MICHELLE EISELE, #12070-49
Supervisory Trial Attorney

KENNETH L. BIRD, #10780-02
Senior Trial Attorney

EQUAL EMPLOYMENT OPPORTUNITY
   COMMISSION
Indianapolis District Office
101 West Ohio Street, Suite 1900
Indianapolis IN 46204-4203
Phone: (317) 226-7204
Fax: (317) 226-5571
Email: Kenneth.Bird@eeoc.gov